UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| HELENA BLACKMON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-193 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| JEFFREY OLNEY, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a *pro se* plaintiff against officers of the Michigan State Police. Presently pending before the court is defendant's second motion to compel discovery. By notice issued May 4, 2007, the court scheduled a hearing on the motion for Thursday, May 24, 2007, at 10:00 a.m. The notice contained the following direction to plaintiff, in bold print, concerning her obligation to file a written response:

> Plaintiff's response to the motion is due May 21, 2007. If no response is filed, the motion may be granted and this hearing canceled without further notice to the parties.

(Notice, docket # 50). Plaintiff did not file a response to the motion. On Wednesday, May 23, 2007, plaintiff called the court to say that she was unable to attend the hearing because of a doctor's appointment and requested a one-week postponement. This eleventh-hour request for adjournment falls within a now well-established pattern by plaintiff, who has consistently claimed last-minute conflicts as a reason to avoid hearing dates.

Local Civil Rule 7.1(a) requires that any party opposing a written motion "do so by filing and serving a brief conforming to these rules." Plaintiff was notified of her obligation to respond to the motion, but failed to do so. Defendant is therefore entitled to the relief requested.

Even ignoring plaintiff's default, the court determines that defendants are entitled to relief. The record in this matter clearly documents plaintiff's obstruction and delay of the proceedings. The court has twice stayed discovery, to defendants' prejudice, at plaintiff's request, so that plaintiff could retain counsel. Counsel has never materialized. Plaintiff has cut short defendants' ability to depose plaintiff and her witnesses, claiming important appointments set for the same day. Plaintiff has ignored interrogatories and Rule 34 requests for production of documents, served on February 27, 2007. The court confidently concludes that plaintiff has wilfully obstructed defendants' ability to conduct discovery in this matter. Until plaintiff has met her obligations under the Rules of Civil Procedure, it would be patently unfair to allow this case to proceed. The court will therefore enter an order extending the time for discovery by defendants only, extending the dispositive motion deadline, and adjourning the pretrial and jury trial without date, pending plaintiff's compliance with her discovery obligations.

The court will also require plaintiff and her husband to appear for a deposition, to be conducted in open court. At defendant's last attempt to depose plaintiff and her witnesses, plaintiff raised a number of frivolous objections and otherwise obstructed the proceedings, necessitating a call to the court. To prevent such occurrences in the future, the court will require the deposition to take place in the courtroom, under court supervision. The court's order will establish a date certain upon which plaintiff and her husband must appear for deposition. In light of the uncooperative attitude demonstrated by plaintiff in the past concerning the scheduling of hearings and depositions,

the court will not postpone these depositions at plaintiff's request. Plaintiff must simply accommodate her other obligations to the needs of this case which, after all, plaintiff herself initiated.

An order will enter consistent with this memorandum opinion.


Dated: May 24, 2007             /s/  Joseph G. Scoville
                                         United States Magistrate Judge