UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| HELENA BLACKMON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-193 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| JEFFREY OLNEY, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a *pro se* plaintiff against three officers of the Michigan State Police pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises from an incident that occurred on March 16, 2004, when plaintiff's daughter called the police, alleging an assault by her father, Darcy Blackmon. The defendant officers responded to plaintiff's home. Plaintiff alleges that after officers entered the home in response to the emergency call, they used excessive force against her and brought specious felony charges against her to cover up their wrongdoing. Plaintiff filed her *pro se* complaint on March 16, 2006, and the Michigan Attorney General thereafter answered the complaint, on behalf of the defendant officers, denying any wrongdoing on their part. The parties have consented to the dispositive jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Consent and Order of Reference, docket # 18).

Although this action has been pending for over one year, very little progress has occurred, because plaintiff has steadfastly failed to adhere to any court-ordered deadline or to her obligation to respond to legitimate discovery. Plaintiff's latest defaults stem from her failure to

comply with the court's May 24, 2007 order granting defendant's second motion to compel discovery. (Order, docket # 53). Among plaintiff's defaults is her failure to appear for a court-ordered deposition on June 21, 2007. Plaintiff's failure to comply with the court's orders necessitated defendants' motion for Rule 37(b)(2) sanctions now before the court. For the reasons set forth herein, defendants' motion will be granted, the case will be dismissed with prejudice, and judgment will entered in defendants' favor against plaintiff in the amount of $2000 as the defendants' reasonable expenses incurred as a result of plaintiff's failure to comply with the court's orders compelling discovery.

### **Findings of Fact**

Plaintiff filed her complaint on March 16, 2006, and almost four months elapsed with no action being taken by plaintiff. By notice dated July 11, 2006, the court informed plaintiff that the defendants had not yet been served, and that the case would be dismissed for lack of prosecution if service was not effected within ten days. (Notice of Impending Dismissal, docket # 3). Defendants were thereafter served, and filed their answer.

By order entered August 3, 2006, the court set a Rule 16 scheduling conference for September 6, 2006. (Order, docket # 7). Plaintiff contacted the court in late August and requested an adjournment. Plaintiff's request was granted, and the matter was put over until October 5, 2006. (Notice, docket # 8). Two days before the rescheduled time for the Rule 16 conference, and after the deadline for the joint status report had passed, plaintiff again contacted the court seeking another adjournment. (Plaintiff's letter, docket # 11). The court granted plaintiff's request, and on October 4, 2006, rescheduled the Rule 16 conference for October 19, 2006. (Notice, docket # 10).

On October 17, 2006, plaintiff contacted the court, requesting a third adjournment of the Rule 16 conference. The court granted plaintiff's third request for adjournment. The court entered an order rescheduling the Rule 16 conference for November 6, 2006, and expressly advised plaintiff that no further adjournments would be granted. (Order, docket # 13). The order advised plaintiff that if she failed to appear for the Rule 16 conference or failed to file her status report as required by the court's orders, this lawsuit would be dismissed for lack of prosecution. (*Id.*).

On November 6, 2006, roughly nine months after plaintiff had filed her complaint, the court was able to conduct a Rule 16 scheduling conference. Among other things, the court's November 6, 2006 case management order required that: (1) plaintiff make her Rule 26 disclosures on or before January 15, 2007; (2) discovery be completed by June 1, 2007; and (3) dispositive motions be filed by July 1, 2007. (11/06/06 Case Management Order, docket # 16).

On February 27, 2007, defendants filed a motion to compel discovery. Defendants' motion sought to compel the depositions of "Plaintiff Helena Blackmon and her family members - Darcy Allen Blackmon, Daniel Jermaine Blackmon, and Danielle Nicole Blackmon." (Defendants' Motion to Compel Discovery at 1, docket # 35). The motion was supported by exhibits documenting the defendants' unsuccessful efforts over a 4-month period in scheduling and taking the depositions of plaintiff and members of her family. (docket # 35-2, Attachments 1-5). The motion notified the court that plaintiff had not made the Rule 26 disclosures required under the court's case management order. Defendants' motion to compel closed with a request that the court "enter an order compelling the disclosure of those matters required by Rule 26; the depositions of Helena Blackmon and her family members -- Darcy Allen Blackmon, Daniel Jermaine Blackmon and Danielle Nicole Blackmon; and for such other relief as [was] just." (docket # 35 at 3).

On February 27, 2007, defense counsel served Defendants' First Set of Interrogatories and Request for Production of Documents. (docket # 47, Ex. 3). Plaintiff has never answered the interrogatories or produced the requested documents.

On March 21, 2007, the court conducted a hearing on defendants' motion to compel. The court determined that plaintiff had violated the requirements of the case management order. Furthermore, it was patent that defendants were entitled to take the depositions which had been "unilaterally" canceled by plaintiff. On March 21, 2007, the court entered its order granting defendants' motion to compel. (3/21/07 Discovery Order, docket # 43). The court ordered plaintiff to appear for her oral deposition on March 29, 2007, at City Hall, South Haven, Michigan. The court continued the subpoena for plaintiff's husband, Darcy Blackmon, and he was directed by the court to appear for his deposition on the same date and at the same location as plaintiff.[1] Plaintiff was ordered to procure firm dates for the depositions for her children Daniel and Danielle and communicate those dates to defense counsel. The court ordered plaintiff to file and serve upon defense counsel her Rule 26 disclosures no later than March 28, 2007. Plaintiff was ordered to comply with all other outstanding discovery requests no later than March 29, 2007. The order granting defendant's motion to compel concluded with the following bold-print warning to plaintiff:

> **Plaintiff is admonished of her responsibility to comply with all requirements of the Federal Rules of Civil Procedure regarding discovery. Any future failure to comply with plaintiff's discovery obligations may result in the imposition of sanctions, including dismissal of this action.**

(Order at 2, docket # 43).

---

[1]The order specified that if Mr. Darcy Blackmon was called back to work, he was required to notify defense counsel no later than 10:00 a.m. on Wed., March 28, 2007, and he was required at that time to give defense counsel a firm date and time for his deposition. (Order at 1-2, docket # 43).

On March 29, 2007, the court received a facsimile transmission from a prospective counsel for plaintiff requesting the courtesy of a two-week stay of proceedings to allow her to investigate and determine whether she was going to undertake the representation. The court noted that under the circumstances, the request was a serious imposition on defendants and their counsel, "as the request was made on the night before the court-ordered depositions of plaintiff and several of her witnesses." (Order Staying Proceedings, docket # 45). The court determined that despite the inconvenience to defendants and their attorney, it was in the interests of justice to grant a brief stay of proceedings. The court ordered plaintiff's prospective attorney to inform the court in writing on or before April 12, 2007, whether she was undertaking the representation. If so, the court planned to conduct a new scheduling conference. If not, plaintiff and her witnesses were required to appear for their depositions as previously ordered by the court on a date to be established by defense counsel. (*Id.*). On April 12, 2007, the prospective attorney advised the court that she would not be representing plaintiff. Consistent with the court's order, on April 19, 2007, defendants' counsel re-noticed the depositions of plaintiff, Darcy, Danielle, and Daniel Blackmon for Monday, April 30, 2007, at the South Haven City Hall.

On April 30, 2007, only the depositions of Daniel and Danielle Blackmon went forward.[2] Defendants' attorney placed the following statement on record with regard to Mr. Darcy Blackmon's failure to appear for his deposition:

> Darcy Blackmon called me on April 24th and left a voice mail saying he could not be here for his deposition today. I called him back. He gave me the option of taking his deposition the following day only, April 25th. I had other depositions scheduled. Mr. Blackmon -- I

---

[2]At the two depositions that were held on April 30, 2007, defense counsel was required to contact the court by phone during the proceedings because of plaintiff's obstruction of the proceedings.

then asked him when he would be back from Florida. And he told me, "I have no idea when I'll be back," quote, unquote. So we don't have the opportunity to take Mr. Blackmon's deposition today.

(docket # 47. Ex. 2 at 3). Plaintiff resorted to gamesmanship with regard to the production of documents she had been directed to bring to her deposition pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. Plaintiff demanded that defendants' attorney review the documents in three minutes before plaintiff intended to leave with them. (docket # 47, Ex. 2 at 4-6). Plaintiff then hauled a briefcase of documents into the room, and as defense counsel began attempting to identify what was in this pile of papers, plaintiff insisted that she had to leave immediately in order to attend another appointment in Southfield, Michigan, on the opposite side of the state. She advised that she was taking her papers and that her deposition would not be taken on the date noticed. (*Id.* at 2-6). The transcript of what had been intended as plaintiff's deposition concluded with the following exchange:

> MR. DONNELLY:   . . . I'm sorry, Ms. Blackmon. Your appointment is tomorrow. That's what you told the court.
>
> MS. BLACKMON[3]:   But I told the court also that I had to leave.
>
> MR. DONNELLY:   Let the record reflect that she's grabbing all the documents away from me and she's not producing them.
>
> MS. BLACKMON:   I produced all the documents. So you go to Michigan State University --
>
> MR. DONNELLY:   No. I need to look through them. You can't just grab them.
>
> MS. BLACKMON:   Mr. Donnelly, I have to go. And I let you know that prior to this --

---

[3]The above-quoted transcript contains typographical errors in the spelling of plaintiff's last name. The errors have been corrected herein.

>   MR. DONNELLY:   We'll see you in court. And we'll have your deposition scheduled in front of the judge.
>
>   MS. BLACKMON:   All right. Thank you.

(*Id.* at 6-7).

On May 4, 2007, defendants filed their second motion to compel discovery. (docket # 47). This motion sought to compel the depositions of plaintiff and her husband Darcy, and to compel plaintiff's answers to the defendants' first set of interrogatories and request for production of documents that had been served in on February 27, 2007. Defendants' motion requested the following relief:

> Defendants Jeffrey Olney, Lincoln Miller and Andrew Jeffrey respectfully request that this Court enter an order compelling Plaintiff Helena Blackmon and her husband, Darcy Allen Blackmon, to appear for their deposition in federal court in Grand Rapids at a date to be set by the court, or alternatively to preclude them from testifying at trial of this matter; compelling Plaintiff Helena Blackmon to provide full and complete responses to Defendants' Rule 33 interrogatories and Rule 34 requests for production of documents; awarding defendants their reasonable expenses, including attorney's fees, for having to file this motion; allowing defendants additional time to complete discovery and to file a dispositive motion; and for other relief as is just.

(docket # 47 at 4).

On May 4, 2007, the court issued a notice scheduling the hearing on defendants' second motion to compel discovery for 10:00 a.m., Thursday, May 24, 2007. The notice contained the following direction to plaintiff, in bold print, emphasizing plaintiff's obligation to file a written response to defendants' motion: "Plaintiff's response to the motion is due May 21, 2007. If no response is filed, the motion may be granted and this hearing canceled without further notice to the parties." (Notice, docket # 50). Plaintiff ignored the court's order, and did not file a response to defendants' motion. On Wednesday, May 23, 2007, two days after the deadline for filing a written

response, plaintiff contacted the court by telephone and stated that she was unable to attend the hearing because of a doctor's appointment and requested a one-week postponement.  Plaintiff's eleventh-hour request fell within her well-established pattern of consistently claiming last-minute conflicts as reasons to avoid hearing dates.  The court observed that plaintiff had been notified of her obligation to file a response to defendants' motion, but had failed to do so.  On May 23, 2007, the court issued a notice that the scheduled hearing was canceled and that the court would decide the motion without oral argument. (Notice, docket # 51).  Upon review, it was patent that defendants were entitled to the relief requested without further delay.  On May 24, 2007, the court entered its order granting defendants' second motion to compel discovery. (docket #'s 52, 53).  The court found that plaintiff had willfully obstructed defendants' ability to conduct discovery, and found that plaintiff's conduct had been sufficiently abusive to warrant the extraordinary measure of ordering that the depositions of plaintiff and her husband be conducted in open court, under court supervision to prevent frivolous objections and obstructionist conduct by plaintiff from once again derailing discovery:

> Even ignoring plaintiff's default, the court determines that defendants are entitled to relief. The record in this matter clearly documents plaintiff's obstruction and delay of the proceedings.  The court has twice stayed discovery, to defendants' prejudice, at plaintiff's request, so that plaintiff could retain counsel.  Counsel has never materialized.  Plaintiff has cut short defendants' ability to depose plaintiff and her witnesses, claiming important appointments set for the same day.  Plaintiff has ignored interrogatories and Rule 34 requests for production of documents, served on February 27, 2007.  The court confidently concludes that plaintiff has wilfully obstructed defendants' ability to conduct discovery in this matter. Until plaintiff has met her obligations under the Rules of Civil Procedure, it would be patently unfair to allow this case to proceed.  The court will therefore enter an order extending the time for discovery by defendants only, extending the dispositive motion deadline, and adjourning the pretrial and jury trial without date, pending plaintiff's compliance with her discovery obligations.

> The court will also require plaintiff and her husband to appear for a deposition, to be conducted in open court. At defendant's last attempt to depose plaintiff and her witnesses, plaintiff raised a number of frivolous objections and otherwise obstructed the proceedings, necessitating a call to the court. To prevent such occurrences in the future, the court will require the deposition to take place in the courtroom, under court supervision. The court's order will establish a date certain upon which plaintiff and her husband must appear for deposition. In light of the uncooperative attitude demonstrated by plaintiff in the past concerning the scheduling of hearings and depositions, the court will not postpone these depositions at plaintiff's request. Plaintiff must simply accommodate her other obligations to the needs of this case which, after all, plaintiff herself initiated.

(Memorandum Opinion at 2-3, docket # 52). The court's accompanying order stated as follows:

> IT IS ORDERED that defendants' second motion to compel discovery (docket # 47) be and hereby is GRANTED.
>
> IT IS FURTHER ORDERED that plaintiff, Helena Blackmon, and her husband, Darcy Allen Blackmon, must appear for deposition on Thur., June 21, 2007, at 10:00 a.m., Courtroom 699, Ford Federal Building, Grand Rapids, Michigan. The depositions will continue from day to day until completed. Defense counsel shall arrange for a private court reporter.
>
> IT IS FURTHER ORDERED that no later than June 8, 2007, plaintiff shall answer fully, completely, and under oath defendants' first set of interrogatories and shall produce all documents called for in defendants' first request for production of documents. All objections thereto are deemed waived.
>
> IT IS FURTHER ORDERED that the time in which defendants may complete discovery is hereby extended to July 31, 2007, in order to minimize the prejudice to defendants caused by plaintiff's violation of her discovery obligations. Plaintiff's time for completing discovery remains June 1, 2007. The time for filing dispositive motions is extended to August 31, 2007.
>
> IT IS FURTHER ORDERED that the final pretrial conference and trial dates herein are SUSPENDED without date. To return these matters to the court's calendar, plaintiff must file a motion certifying that she has complied with all of her discovery obligations and requesting that a new final pretrial conference and trial dates be established.
>
> **Plaintiff is warned that any further violation of her discovery obligations or the requirements of the Federal Rules of Civil Procedure may result in the imposition of sanctions, including, but not limited, the preclusion of testimony, the striking of pleadings, or the dismissal of this action with prejudice.**

(5/24/07 Order, docket # 53). Although dismissal of this lawsuit was warranted in May of 2007, the lesser sanctions of ordering an in-court depositions and of suspending the final pretrial conference and trial dates were utilized in attempt to secure plaintiff's compliance with the court's orders. Plaintiff did not comply with *any* aspect of the court's May 24, 2007 order.

On June 21, 2007, plaintiff Helena Blackmon and her husband Darcy failed to appear in court for their depositions as required by the court's order. Defense counsel was present in court with a court reporter ready to take their depositions. The court waited approximately 30 minutes for plaintiff and her husband to appear, then made a record in open court of the nonappearance and noncompliance with the court's order. Defense counsel noted for the record that plaintiff had been required under the court's orders to answer interrogatories and produce documents by June 8, 2007, and that no answers or documents had been provided by plaintiff. Defense counsel related that he had not had any communication from plaintiff since plaintiff left the South Haven City Hall on the afternoon of April 30, 2007. (docket # 54).

On June 28, 2007, defendants filed the motion for sanctions now before the court, requesting that the court order dismissal of this lawsuit with prejudice and award defendants their reasonable expenses incurred, including attorney's fees. (docket # 55). On June 28, 2007, the court ordered plaintiff to file her response to the motion for sanctions "no later than July 16, 2007." (6/28/07 Order, docket # 60). Two days after the July 16, 2007 deadline had passed, plaintiff sent to the court by facsimile a letter and attachments, apparently intended as her response to the court's June 28, 2007 order. The court repeated its admonishment to plaintiff that the court does not accept facsimile transmissions for filing. *See* W.D. MICH. LCIVR 5.7(k). On July 18, 2007, the court entered an order stating, "Plaintiff is directed to file original documents with the Clerk's Office,

accompanied by a proof of service showing proper service upon defense counsel. Until plaintiff has complied with the filing rules of this court, her submissions will not be considered." (Order, docket # 61). Plaintiff has filed nothing with the court in the weeks that have passed since entry of the July 18, 2007 order.

## Discussion

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a party's failure to obey an order requiring discovery. As chronicled herein, plaintiff has repeatedly violated this court's orders. Rule 37(b) sanctions are discretionary and are reviewed by the Court of Appeals under an abuse-of-discretion standard. *See Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997); *see also Technology Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 631 (6th Cir. 2006) ("A decision on whether and how to sanction discovery violations under Rule 37 is reviewed only for an abuse of discretion."). Rule 37(b)(2) permits the sanction of dismissal with prejudice without requiring a willful violation of the court's order, but whether a violation was willful or in bad faith is an important factor in determining whether the sanction of dismissal is appropriate:

> Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part, that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may [enter] ... (C) An order ... dismissing the action or proceeding or any part thereof ...." (boldface omitted). A party "fails to obey" a discovery order merely by failing to comply; no showing of willfulness, bad faith, or malice is needed. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).
> Whether the noncompliance with the order was willful or in bad faith bears only on the appropriate sanction. *Rogers*, 357 U.S. at 208, 78 S.Ct. 1087.

*Technology Recycling*, 186 F. App'x at 631-32.

In determining the appropriate sanction, the Sixth Circuit has directed trial courts to consider four factors (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. 103 F.3d at 1277; *accord Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *see Bryant v. United States ex. rel. United States Postal Service*, 166 F. App'x 207, 210 (6th Cir. 2006).

In the present case, each factor identified by the Sixth Circuit weighs heavily against plaintiff and in favor of imposition of preclusive sanctions. The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault. "[I]f a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Stamtec, Inc. v. Anson*, 195 F. App'x 473, 478 (6th Cir. 2006). The party seeking to avoid the sanction of dismissal has the burden of showing that her failure to comply was due to inability, not to willfulness or bad faith. *See Reyes*, 307 F.3d at 458; *see also Bryant*, 166 F. App'x at 210; *Southern Wabash Commc'ns v. Union County Broad. Co.*, 69 F. App'x 285, 290 (6th Cir. 2003). Plaintiff has ignored the court's orders directing her to file a response to defendants' motion for sanctions. Thus, plaintiff has presented no evidence on which this court could find anything other than willful and bad faith violations of its discovery orders. It is patent that the record before the court supports the finding that plaintiff's discovery defaults have been willful and in bad faith. *See, e.g., Technology Recycling*, 186 F. App'x at 632 ("[I]t was not unreasonable for the district court to find that

plaintiff['s] non-compliance was the result of willfulness, bad faith, or fault" where the plaintiff's non-compliance with discovery orders was neither isolated nor short-lived."). Plaintiff has no one to blame for her repeated defaults but herself.[4]

The second relevant factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery. *See Moses v. Sterling Commerce (Am.), Inc.*, 122 F. App'x 177, 183 (6th Cir. 2005); *Witman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004). Here, the existence of prejudice is clear. Plaintiff has completely stonewalled defendants' legitimate discovery efforts.

The third relevant factor is whether the party was warned that her continued failure to cooperate could lead to the imposition of sanctions. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-68 (6th Cir. 1997); *see also Maldonado v. Thomas M. Cooley Law School*, 65 F. App'x 955, 957 (6th Cir. 2003). Here, the court has repeatedly warned plaintiff that her failure to comply with the court's orders would result in the imposition of more severe sanctions, including entry of judgment in favor of defendants.

Finally, the court should make clear its consideration of imposition of less drastic sanctions. The Court of Appeals has made it clear that the district court need not expressly articulate its consideration of lesser sanctions in order to meet this requirement. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997); *see also Bryant*, 166 F. App'x at 211. Nevertheless, in the present case this factor was satisfied. Sanctions such as suspending the final pretrial and trial

---

[4]Although plaintiff periodically attempted to blame various deficiencies in her conduct on an unidentified attorney who was purportedly helping her, plaintiff has appeared *pro se* throughout this lawsuit and is responsible for her actions. Thus, it is not necessary to determine whether the fault for noncompliance lies with the attorney rather than the client. *See, e.g., Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994) (courts hesitant to impose severe sanctions where fault lies with a delinquent lawyer representing the party rather than an innocent client).

dates, ordering in-court depositions, and repeated warnings have not resulted in any movement by plaintiff towards cooperation in the completion of discovery. Plaintiff cavalierly disobeyed the court order requiring her to appear in court for her deposition. The imposition of these sanctions was insufficient, even coupled with warnings of sterner action, to produce compliance. It is clear to the court that sanctions short of entry of judgment in favor of defendants will not be successful to coerce plaintiff's compliance.

The court is satisfied that plaintiff will continue to violate her discovery obligations and obstruct the search for truth, despite any court order or sanction. In such circumstances, the court has little choice but to enter judgment in favor of defendants, to avoid the imposition of further expense and prejudice to the defendants.

The other component of defendants' motion for sanctions is the request that the court award defendants their "reasonable expenses, including attorney's fees, incurred in the defense of this matter" pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. (Defendants' Motion for Sanctions at 1, 4, docket # 55). Under Rule 37(b)(2) defendants are entitled to recover their reasonable expenses, including attorney's fees, caused by plaintiff's failure to obey the court's discovery orders. Defendants are not entitled to recover all their fees and expenses incurred in defending this lawsuit. Rule 37(b)(2) provides in pertinent part that the court "shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). Under Rule 37(b)(2), "the district court [is] required to award defendants the fees they incurred *as a result of* plaintiff's failure to obey discovery orders, unless one of the stated exceptions appl[y]." *Technology Recycling*, 186 F. App'x

at 638.  There is no basis for finding that plaintiff's failure to comply with the court's orders was substantially justified or making an award to defendants unjust.  Defendants' motion for sanctions was not accompanied by a precise accounting of the defendants' attorney's fees and costs.  However, given the length and duration of motion practice documented herein, it is obvious that defendants' counsel expended at least 20 hours in a futile attempt to secure plaintiff's compliance with the court's discovery orders.  Applying a below-market rate of $100 per hour, and without even considering other expenses such as court reporter fees, the court finds that an award of $2,000 in sanctions represents an extremely conservative figure for the reasonable expenses defendants incurred as a direct result of plaintiff's failure to comply with the court's orders compelling discovery.  The court will enter judgment in defendants' favor against plaintiff in the amount of two thousand dollars ($2,000.00) as Rule 37(b)(2) sanctions.

       Judgment will be entered in favor of defendants forthwith.


Dated:   August 13, 2007          /s/  Joseph G. Scoville
                                         United States Magistrate Judge